■ In the Matter of the Claim of PATRICIA SIMMONS, Respondent, v JAMES Moss et al., Appellants, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [595 NYS2d 261] — Casey, J. Appeal from a decision of the Workers' Compensation Board, filed January 11, 1992, which, inter alia, ruled that the employers did not have workers' compensation insurance on the date of claimant's accident.

Claimant was hired in June 1988 by James Moss and Sara Moss as a babysitter. Her hours were from 9:00 A.M. to 7:00 P.M., five days a week, for a total of 50 hours a week at a salary of $300 per week. Claimant was injured on September 7, 1988 when a defective window fell on her head while she was hanging curtains. The employers were insured with Metropolitan Property Liability Insurance Company under a homeowner's policy that had been purchased through a sales representative of Metropolitan. The policy purchased by the employers contained the statutorily mandated workers' compensation coverage required on all homeowner's policies in the State in an endorsement labeled H917 as of March 11, 1985.

The record shows that this endorsement was allegedly sent by Metropolitan to all policy holders and stated that "[a] covered residence employee * * * is a residence employee who is both: a. engaged in regular employment of less than 40 hours per week * * * and b. defined under the New York Workers' Compensation Law as an employee for whom workers' compensation benefits must be provided". The October 21, 1986 renewal of the policy indicated that a H917 endorsement was attached.

Inasmuch as it is conceded that the claimant worked 50 hours per week and that the H917 endorsement was clear or should have been clear to the employers, the Workers' Compensation Board determined that claimant was not covered under this policy or its H917 endorsement. The Board further found that coverage based on equitable estoppel or reformation based on mutual mistake of fact was not justified in the circumstances. Because substantial evidence supports this determination, the decision of the Board ruling that the employers did not have workers' compensation insurance on the date of claimant's accident in violation of Workers' Compensation Law § 50 should be affirmed.

Weiss, P. J., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the decision is affirmed, without costs.